\*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK M. BROWN, | : |
| Plaintiff, | : Civil Action No. 15-7708 (JLL) |
| v. | : **OPINION** |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et al. | : |
| Defendants. | : |

**LINARES**, District Judge:

Currently before the Court is the complaint of Plaintiff, Frank M. Brown. (ECF No. 1). Also before this Court is Plaintiff's application to proceed *in forma pauperis*. (ECF No. 3). As this Court finds that leave to proceed *in forma pauperis* is authorized, *see* 28 U.S.C. § 1915(a)(1)-(2), this Court will grant Plaintiff's application (ECF No. 3). As this Court is granting Plaintiff *in forma pauperis* status, this Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's claims against the John Doe Officers and the New Jersey Department of Corrections, but will permit Plaintiff's claims against Dr. Spycheck to proceed at this time.

## I. BACKGROUND

In his complaint, Plaintiff alleges that, at some point between January 1 and 31, 2013, he was being transported for a medical visit by Corrections Officers of the Central Transportation Unit, when he was injured. (ECF No. 1 at 5). Specifically, Plaintiff alleges that he was roughly placed into a moving van after being fully shackled. (*Id.* at 4). Once the van arrived at its location, the various officers attempted to assist Plaintiff in his "exit from the van due to [Plaintiff] being fully secured in shackles and handcuffs." (*Id.* at 5). While he was being removed from the van, the officers "mishandl[ed]" Plaintiff's body, causing Plaintiff to fall to the ground, which resulted in Plaintiff's leg being injured and cut by the shackles. (*Id.*). Plaintiff was then taken to the medical department where he was seen by Dr. Spycheck. (*Id.* at 6). Dr. Spycheck, however, told Plaintiff that "nothing was wrong with [him]" and did not treat Plaintiff further. (*Id.*). Plaintiff's leg thereafter became swollen. (*Id.*). Plaintiff was seen by another doctor, who informed Plaintiff that his leg had been broken from the fall and that the swelling was the result of his not being timely treated. (*Id.*).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, see 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, see 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which

2

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a convicted state prisoner who is seeking redress from governmental entities and their employees who has been granted *in forma pauperis* status.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

B. Analysis

Plaintiff raises several claims in which he asserts that corrections officers and Dr. Spycheck violated his rights pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). This Court construes Plaintiff's complaint as attempting to raise excessive force claims against the John Doe Corrections Officers, and a failure to treat/deliberate indifference to medical needs claim against Dr. Spycheck arising out of events that took place in January 2013.

**1. Plaintiff's claims against the New Jersey Department of Corrections must be dismissed**

In his complaint, Plaintiff names as a defendant the New Jersey Department of Corrections. A suit against a state department, however, is "no different from a suit against the state itself." *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280 (D.N.J. 2013). As a suit against a state department is the same as a suit against the state itself, and because the Eleventh Amendment bars suits against the states in federal court for money damages, Plaintiff is barred from raising the current suit against the New Jersey Department of Corrections. *Id.* Likewise,

4

because the New Jersey Department of Corrections is not a "person" amenable to suit under § 1983, it may not be sued under the statute in any event. *Id.*; *see also Ewing v. Cumberland Cnty.*, No. 09-5432, 2015 WL 1384374, at *25 (D.N.J. Mar. 25, 2015); *Brown v. New Jersey Dep't of Corr.*, No. 12-5069, 2014 WL 4978579, at *2 (D.N.J. Oct. 3, 2014); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989). As the Department is not a "person" amenable to suit under § 1983, and because suits against it seeking money damages are barred by the Eleventh Amendment, the Department must be dismissed from this action with prejudice.

### 2. Plaintiff's claims against the John Doe Officers

Plaintiff attempts to bring suit against the John Doe Officers arising out of his injuries, both for the use of excessive force in removing him from a transport van and for failure to obtain medical care for his injuries. Plaintiff, however, fails to plead sufficient facts to support either claim. The test for whether the use of force against a convicted prisoner is actionable under the Eighth Amendment is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Giles v. Kearney*, 571 F.3d 318, 326 (3d Cir. 2009). The factors courts consider in making this determination are the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, the extent of the threat to safety of staff or inmates as reasonably perceived by the officers on the basis of the facts known to them, and any efforts to temper the severity of the force involved. *Id.* Here, although Plaintiff alleges that officers were somewhat rough with him in placing him in the moving van, the incident about which Plaintiff complains involves the officers attempting to help Plaintiff, who

5

was shackled, out of the van. Plaintiff alleges only that the officers "mishandle[ed]" his body while "assisting" him out of the van, and he fell as a result. What Plaintiff has essentially pled, then, is that the officers were negligent in removing him from the van, and he fell. He has thus not pled that the officers purposely used force against him, and thus has failed to plead a plausible claim for excessive force. As Plaintiff has not pled a plausible claim for excessive force, and because negligence is insufficient to state a claim under § 1983, Plaintiff's force/negligence claim against the Officers must be dismissed without prejudice at this time. *See, e.g., Jones v. County Jail C.F.C.F.*, 610 F. App'x 167, 168-69 (3d Cir. 2015) (negligence insufficient to support liability under the Eighth Amendment).

To the extent that Plaintiff attempts to plead that the Officers failed to provide him with medical attention, that claim also fails to state a plausible claim for relief. A claim for a failure to provide adequate medical care is only actionable under the Eighth Amendment where a plaintiff shows that the defendants were deliberately indifferent to a serious medical need. *See Perez v. Turner*, No. 11-6833, 2015 WL 6951690, at *4 (D.N.J. Nov. 10, 2015); *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). To state such a claim, a Plaintiff must allege "(i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale*, 318 F.3d at 582. An official acts with deliberate indifference where he "knows of and disregards an excessive risk to inmate health or safety." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Here, although Plaintiff pleads that he suffered from a serious medical need – a broken leg accompanied by a gash on his leg caused by manacles – Plaintiff fails to plead that the officers were deliberately indifferent. In his complaint, Plaintiff states that, after he fell, the officers "took me to the medical

6

department" where Plaintiff was seen by Dr. Spycheck. According to the complaint, it was the doctor – and not the officers – who determined that no further treatment was needed. As such, Plaintiff has failed to plead acts or omissions which indicate that the officers were deliberately indifferent, and any such claim against them must be dismissed without prejudice at this time.

As a final note in regards to the officers, Plaintiff also names as Defendants "their superiors." Plaintiff, however, has pled no facts regarding the officers' superiors, and certainly no facts sufficient to state a plausible claim for relief. As such, the unnamed "superiors" will also be dismissed without prejudice at this time.

### 3. Plaintiff's Claims against Dr. Spycheck

The final Defendant Plaintiff names is Dr. Spycheck of the Prison's medical staff. Plaintiff alleges that the doctor reviewed Plaintiff's injured leg, which was apparently broken, and told Plaintiff that "nothing was wrong." Plaintiff also alleges that the doctor provided no further medical treatment, which resulted in an infection and further damage to Plaintiff's leg. Plaintiff has therefore pled a plausible claim that the doctor was deliberately indifferent to Plaintiff's serious medical needs. This Court will therefore permit the claim against Dr. Spycheck to proceed at this time.[2]

### III. CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is

---

[2] This Court makes no finding as to the timeliness of Plaintiff's claims at this time.

7

GRANTED, this Court will DISMISS Plaintiff's claims against the New Jersey Department of Corrections WITH PREJUDICE, will DISMISS Plaintiff's claims against the John Doe Officers and their supervisors WITHOUT PREJUDICE, but will permit Plaintiff's deliberate indifference claim against Dr. Spycheck to PROCEED at this time.   An Appropriate order follows.

                                          _____
                                          Hon. Jose L. Linares,
                                          United States District Judge

                                          1/26/16