**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FRANK M. BROWN,** | |
| **Plaintiff,** | Civil Action No. 15-7708 (ES) (JAD) |
| v. | **REPORT AND RECOMMENDATION** |
| **NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.,** | |
| **Defendants.** | |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Defendant Herbert Smyczek's motion to dismiss Plaintiff's claims for failure to provide discovery. (ECF No. 47). Pursuant to Federal Rule of Civil Procedure 78, the Court resolves Defendant's application without oral argument. Having carefully reviewed Defendant's motion and the balance of the record for this matter; and Plaintiff having failed to respond to Defendant's application; and for good cause shown; and

**WHEREAS**, by Order dated June 28, 2016, this Court granted Plaintiff's motion for appointment of pro bono counsel. (ECF No. 12). Attorneys from Riker Danzig Scherer Hyland & Peretti, LLP thereafter entered appearances on Plaintiff's behalf. (ECF Nos. 16-17); and

**WHEREAS** on April 27, 2018, the Riker firm filed a motion seeking leave to withdraw as Plaintiff's counsel, citing a breakdown in the attorney-client relationship. (See

generally ECF No. 38). The Court held a hearing by video conference on counsel's motion on June 12, 2018, and granted that application on the record; and

**WHEREAS** by Order dated February 6, 2019, the Court clarified that it did not intend to appoint new pro bono counsel for Plaintiff. (ECF No. 42). The Court therefore directed Defendant Smyczek to "submit a proposed form of order setting forth a schedule for the completion of any outstanding discovery, as well as the filing of dispositive motions." (Id.); and

**WHEREAS** by Order dated February 11, 2019, this Court directed the parties to serve all written discovery requests by March 12, 2019, as well as responses to their adversary's discovery requests by April 12, 2019. (Feb. 11, 2019 Order, ECF No. 44). The Court also required the parties to file any dispositive motions by June 26, 2019. (Id.); and

**WHEREAS** on June 28, 2019, Defendant Smyczek filed a motion to dismiss Plaintiff's Amended Complaint as a discovery sanction, pursuant to Federal Rule of Civil Procedure 37. (See generally Mot. to Dismiss, ECF No. 47). Defendant represents that, in accordance with this Court's February 11, 2019 Order, he "re-served interrogatories and a notice to produce documents to Plaintiff on or about March 4, 2019." (Decl. of Margaret Raymond-Flood ¶ 9, ECF No. 47-1). Having had no response from Plaintiff, defense counsel "sent a follow-up letter to Plaintiff advising him that his responses to discovery requests previously served upon him were overdue." (Id. ¶ 10). Counsel also advised Plaintiff "that if he did not provide answers to interrogatories and responses to document demands by April 20, 2019, [then] Defendant would file an appropriate motion." (Id.); and

**WHEREAS** Defendant represents that, as of June 28, 2019, he had "yet to receive Plaintiff's answers to interrogatories or responses to the request for documents or a response to Defendant's letter dated April 5, 2019." (Id. ¶ 11); and

**WHEREAS** Plaintiff has not, to date, filed any response to Defendant's motion for sanctions; and

**WHEREAS**, as noted above, Defendant requests that the District Court dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 37. (Def. Br. at 3, ECF No. 47-2). Rule 37(b)(2)(A) provides, in pertinent part, that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. This may include . . . striking pleadings in whole or in part . . ." Fed. R. Civ. P 37(b)(2)(A). Rule 37(d)(1) provides that the Court may impose similar sanctions if a party fails to respond to properly served interrogatories or requests for the production of documents. See Fed. R. Civ. P. 37(d)(1)(A); 37(d)(3). Under either Rule, the Court's analysis would be the same; and

**WHEREAS** where, as here, a party asks the Court to strike pleadings or dismiss claims pursuant to Rule 37, the Court must ensure that such severe sanctions would be appropriate in light of the factual circumstances at issue. In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth the six factors it would consider when determining whether a trial court abused its discretion by dismissing a claim as a sanction for a party's litigation conduct. Under Poulis, courts must weigh the following six factors: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether

the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868. The Court will consider each factor in turn; and

**WHEREAS** the Court finds that Plaintiff is personally responsible for both his ongoing failure to respond to Defendant's discovery requests and his failure to comply with this Court's February 11, 2019 Order. Plaintiff has represented himself since the Court granted the Riker firm's motion for leave to withdraw on June 12, 2018. At all relevant times, therefore, Plaintiff has proceeded pro se. Moreover, he is well aware of this lawsuit. Nothing in the record suggests that anyone other than Plaintiff is responsible for his ongoing failure to participate in discovery or otherwise participate in this action; and

**WHEREAS** in defining the "prejudicial harm" factor, the Third Circuit found that "prejudicial harm entails the burden imposed by impeding a party's ability to effectively prepare a full and complete trial strategy." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). The Court finds that, by failing to provide discovery responses, Plaintiff has impaired Defendant's ability to prepare a dispositive motion, let alone a meaningful trial strategy. Plaintiff's conduct has, therefore, resulted in "prejudicial harm" to Defendant; and

**WHEREAS** Plaintiff has a burgeoning history of dilatory behavior. As noted above, Plaintiff not only failed to provide discovery responses as required under this Court's February 11, 2019 Order, but the record reflects that Plaintiff has never provided them, despite Defendant's April 5, 2019 deficiency letter and motion for sanctions;

**WHEREAS** with regard to the fourth Poulis factor, the Third Circuit has upheld a finding of willfulness and bad faith where "no excuse [had] been proffered for the excessive procrastination." Ware, 322 F.3d at 224. Here, Plaintiff's responses to Defendant's discovery requests were due nearly seven months ago. In the interim, Defendant sent Plaintiff a deficiency letter and, later, a motion for sanctions. To date, nothing has prompted a reply. Based on this record, the Court finds that Plaintiff's ongoing failure to participate in this action must be a willful decision; and

**WHEREAS** the Court finds that the fifth Poulis factor, which examines the effectiveness of alternative sanctions, also weighs in favor of granting Defendant's motion. Where a party refuses to comply with court orders or otherwise participate in the discovery process necessary to properly resolve a case, alternative solutions are likely to be ineffective and striking that litigant's pleading is appropriate. See Temptime Corp. v. Timestrip PLC, No. 08–4277, 2009 WL 1560205, at *2 (D.N.J. June 2, 2009); Genesis Eldercare Rehab. Servs., Inc. v. Beam Mgmt., LLC, No. 07–1843, 2008 WL 1376526, at *2 (E.D. Pa. Apr. 9, 2008). Here, Plaintiff has ceased litigating this case. Plaintiff has already violated an Order requiring him to provide discovery responses by a date certain. (See Feb. 11, 2019 Order, ECF No. 44). There is no reason to believe that another, similar order would have any effect. Moreover, Plaintiff did not provide any response to Defendant's motion, which expressly sought dismissal. Against this backdrop, it would be illogical to assume that an order that threatens the potential for dismissal (let alone some lesser sanction) at some date in the future might prompt Plaintiff's participation; and

**WHEREAS**, regarding the final Poulis factor, the Court need not examine the facial merit of Plaintiff's claims. The Poulis analysis is a balancing test, and thus not all

of the factors must weigh in favor of sanctions. The Court will assume, without finding, and for the purposes of this motion only, that Plaintiff has articulated claims that, if established during discovery and proven at trial, may prove meritorious; and

**WHEREAS** on balance, the Court finds that the Poulis factors weigh in favor of dismissing Plaintiff's claims. Moreover, the Court notes that, because Plaintiff's failure to participate in this case makes adjudication of those claims impossible, the District Court would have authority to dismiss them without conducting a Poulis analysis. See Shipman v Delaware, 381 F. App'x 162, 164 (3d Cir. 2010) ("But when a litigant's conduct makes adjudication of the case impossible, such balancing under Poulis is unnecessary.") (citations omitted). In any event, this Court sees no practical alternative to dismissing Plaintiff's claims. In an abundance of caution, however, the Court will recommend that the dismissal be without prejudice to Plaintiff's ability to seek reinstatement (including a showing of why dismissal would be inappropriate under Poulis) within 30 days. After that time has elapsed, the District Court should dismiss Plaintiff's claims with prejudice on Defendant's letter application;

**IT IS** on this 30th day of October, 2019,

**RECOMMENDED** that the District Court dismiss Plaintiff's claims, without prejudice, pursuant to Federal Rule of Civil Procedure 37; and it is further

**RECOMMENDED** that the dismissal be without prejudice to Plaintiff's ability to seek reinstatement (including a showing of why dismissal would be inappropriate under Poulis) within 30 days from the date of the District Court's order. After that time has elapsed, the District Court should dismiss Plaintiff's claims with prejudice on Defendant's

letter application.

**SO ORDERED**

_____
JOSEPH A. DICKSON, U.S.M.J.

cc:     Honorable Esther Salas, U.S.D.J.